UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GUIDO RENAN TAPIA YAGUACHI,** | Civ. No. 12-2140 (WJM) |
| **Petitioner,** | |
| v. | ORDER |
| **JOHN J. CLANCY,** *et al.* | |
| **Respondents.** | |

**THIS MATTER** comes before the Court on an order to show cause. On April 10, 2012, Petitioner filed a § 2241 Habeas Petition challenging his continued detention by United States Immigration and Customs Enforcement ("ICE") pursuant to a final order of removal. (ECF No. 1.) On that date, the Court ordered the Government to show cause why Petitioner's ongoing detention is warranted and why he is not presently entitled to a bond hearing. (ECF No. 2.) A hearing on the order to show cause was held on April 25, 2012. Based on the record before the Court and the arguments made by counsel at that hearing, the Court will deny the relief sought by Petitioner, as premature. In making this determination, the Court notes the following:

(1)     That on November 6, 1996, a final order of removal was entered against Petitioner. On March 8, 2011, Petitioner was taken into custody by ICE officials pursuant to that order, and has remained in ICE custody since that time, pending his deportation to Ecuador. On March 31, 2011, an Immigration Judge ("IJ") denied Petitioner's request to have his 1996 deportation hearing reopened. The IJ's decision was

affirmed by the Board of Immigration Appeals ("BIA") on July 8, 2011. On July 19, 2011, Petitioner filed a petition for review of the BIA's decision with the Fifth Circuit Court of Appeals, which stayed Petitioner's deportation pending its review of that petition. Subsequently, the Fifth Circuit lifted that stay, and on March 6, 2012, issued its mandate which affirmed the validity of the 1996 order of removal.

        (2)    That the detention and deportation of Petitioner – against whom a final order of removal has been entered – is governed by 8 U.S.C. § 1231. *Leslie v. Attorney General of the United States*, 2012 WL 898614, at *2 (3d Cir. Mar. 19, 2012) ("Once removal proceedings terminate in an order of removal . . . the alien's detention is governed by 8 U.S.C. § 1231(a)).

        (3)    That ICE is required to deport Petitioner within 90 days of a final order of removal (the "Removal Period"). 8 U.S.C. § 1231(a)(1)(A); *Leslie* at *2.

        (4)    That ICE may continue to detain Petitioner pursuant to a final order of removal if his deportation is not effected within the Removal Period. 8 U.S.C. § 1231(a)(6). However, such detention is only presumed to be reasonable for a six-month period starting from the beginning of the Removal Period, after which time Petitioner can challenge his continued detention if he can establish that his deportation is not reasonably foreseeable. *Zadvydas v. Davis*, 533 U.S. 678 (2001).

        (5)    That the Removal Period "begins on the **latest** of the following: (i) The date the order of removal becomes administratively final; **(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date**

**of the court's final order**; (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." 8 U.S.C. § 1231(1)(a)(B) (emphasis added).

   (6) That the Removal Period begins anew upon each subsequent occurrence of one of the designated events set forth in § 1231(1)(a)(B).  *Michel v. Immigration and Naturalization Service*, 119 F. Supp. 2d 485 (M.D. Pa. 2000).  *See also Pierre v. McKusey*, No. 08-6286, 2009 WL 464444, at *2 (D.N.J. Feb. 24, 2009) (an appeal challenging an order of removal restarts the Removal Period.).

   (7) That ICE is required to detain Petitioner during the Removal Period. 8 U.S.C. § 1231(a)(2); *Leslie* at *2.

   (8) That relief under 28 U.S.C. § 2241 will only be appropriate if Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

   Based on these considerations, and because the Fifth Circuit reviewed Petitioner's order of removal, and stayed the deportation of Petitioner while that review was pending, the Court finds that the Removal Period for Petitioner began on March 6, 2012, when the Fifth Circuit issued its mandate.  Thus, the § 2241 relief sought by Petitioner is premature because  Petitioner's detention is not only lawful; at present, it is mandatory.  *See Rodney v. Mukasey*, 340 Fed. App'x 761, 764-65 (3d Cir. 2009) (affirming dismissal of § 2241 petition as premature where petitioner's custody was governed by §1231(a) and the Third Circuit ordered a stay of deportation pending its

review of the final removal order); *Michel*, 119 F. Supp. 2d at 497 (dismissing petitioner's "motion for bond/relief under 28 U.S.C. § 2241" as premature because the Removal Period began on the date the Second Circuit affirmed the order of removal and vacated its own order staying deportation, not the earlier date in which the BIA dismissed petitioner's appeal). Accordingly, for the foregoing reasons, and for good cause shown;

**IT IS** on this 27th day of April 2012, hereby,

**ORDERED** that Petitioner's challenges to his detention pursuant to § 2241 are **DENIED**, as premature at this time.

**FURTHER ORDERED** that the Clerk is directed to close the file.

s/William J. Martini  
**WILLIAM J. MARTINI, U.S.D.J.**